We have four good cases this morning. The first is No. 22, 1926, SITO and Mobile v. Hulu. Mr. Schreiner. Yes, Your Honor. Yeah, go ahead. May it please the Court, my name is Stephen Schreiner. I'm from Carmichael IP, here on behalf of the patent owner and appellant, SITO Mobile IP. I'd like to start by giving a brief overview of the invention and then turn to the main issues that warrant reversal. Before we get into the merits, if you could address one question that would help me. The red brief has several different points at which they say you have waived arguments. You responded in the gray brief to one of them, if I recall correctly, the one dealing with the play script. Are you acknowledging waiver of the other four? I think there are four, maybe three or four issues that they have raised, and if not, why not? No, Your Honor. I don't have all four issues in mind where waiver is alleged. Well, I can tell you what they are. The reservation, the Madison 273 streams two, and the plurality of segments at least those three. So on the plurality of segments, I believe that relates to the at least one other portion issue relating to claim 49. And that certainly wasn't waived. That issue was raised before the board in the patent owner response on page 45. I'm sorry. Yes, Your Honor. Appendix 9743. Well, it would have been helpful in your reply if you had responded. When somebody makes an argument that you've waived, it's a good idea to say, no, we haven't, and here's why, and here's where. We didn't, we raised it.  So if there are any other points you want to make as to why you haven't waived any of the other points. Sure, Your Honor. Your point is well taken, and I'll endeavor to address that issue through my argument. The invention is generally directed to a multimedia streaming system having a client device and several specialized servers, including a reservation server, a routing server, and media delivery servers. There's a first stage where the client makes a request for media, and in response to that request, a play script is generated that includes an indication of a series of media items in the play script. And then there's a second stage where the play script has been generated, and that play script is executed by the client device to retrieve each of the items that are set forth in the play script, each of the media items. And at the time of the request, the reservation server pre-reserves resources for the requested media, and that's significant. Nearly each of the claims in the five IPRs involved in this particular appeal do recite a reservation identification, reflecting that pre-reserving of resources for the requested media at the time the play script is generated. So that's an important part of the invention, at least as it's set forth in the claims in this appeal. And it's something that distinguishes the prior art. The prior art typically did not reserve system resources at the time a play script was generated in response to a client request for media. And let me give an overview on the two main arguments that I intend to present here. There's one straightforward reason why the board should be reversed, and that pertains to Dependent Claim 49 of the 636 patent, which recites at least one other portion. And that depends from Independent Claim 34, which recites at least one portion. The board erroneously construed the at least one other portion limitation of Dependent Claim 49. Specifically, the board found that Dependent Claim 49's limitation for at least one other portion has the same scope, is the same as Independent Claim 34. And that's incorrect on its face, and I'll go into a little more detail on that in a moment. The second major issue that I'd like to cover in my opening is that the board erroneously construed the claim term instructions, and there should be a reversal on that basis separate from the construction of Dependent Claim 49. As to the issue of waiver, Your Honor, with regard to Claim 49 and the at least one other portion, as I said, that was raised in the patent owner's response, page 45 in the 636 preceding Appendix 9743. So Dependent Claim 49 recites identifying at least one other portion of the requested media. Independent Claim 34 recites identifying and streaming at least one portion of the requested media. So accordingly, Claim 49 recites the delivery of at least one other portion, in addition to the delivery of at least one portion, thereby providing for the delivery of multiple portions, according to Claim 49. The board gave an erroneous construction of Claim 49. The board found that Dependent Claim 49 had the same scope, was coextensive with Independent Claim 34. Specifically, the board stated, and this is in the final written decision for the 646 patent on page 35, the board states Did you give us an appendix for that? Yes. The appendix to the final written decision is Appendix 35. And this is out of the final written decision for the 646 patent on page 35. The board states, for the reasons given, parentheses for Independent Claim 34, we have rejected patent owner's attempt to limit the claims to streaming the requested media in portions. So there the board is saying that Claim 49, just like Claim 34, does not provide for the delivery of portions, multiple portions. But as I said, on its face, Claim 41 Is your suggestion that the other portion language is broader than the, I don't know, the segment language because it requires more than one segment? So in this particular pair of claims, you've got Independent Claim 34. It recites that at least one portion of the requested media is identified in delivery. And then Claim 49 has the additional limitation that there is at least one other portion. So is the answer to my question yes? Yes. What it does is require that there be more than one portion? Yes, Your Honor. That's exactly correct. It requires, Claim 49 requires the delivery of multiple portions of the requested media. The at least one portion of the Dependent Claim and the at least one other portion set forth. I thought the prior art showed multiple portions. Assuming that you accept the board's construction, that that includes entire videos or movies, for example. CEDA's position certainly is that the prior art does not disclose the delivery of multiple portions of media. For example, in the IL reference, IL is a search engine that retrieves content items from third-party websites. And each of those items, such as a list of URLs in IL, is a complete media item. It is not a portion. But that's a different argument, right? We have two separate arguments here. One is that portion can't be a complete media item. But assuming that the board is correct about that, that it can be a complete media item, the question is whether other portion requires more than one portion. You say it requires two portions. But what I'm suggesting to you is doesn't the prior art, if you accept the complete media item being a portion, doesn't the prior art show multiple portions? The board found that a single portion could constitute a complete media item. Right. That's correct. And our position is that construction is clearly wrong. But if you're wrong about that and the board is correct, what happens to your other argument? Because I think that I have the same questions just like. If it's the case that a portion can be a complete media item, which I would submit is an oxymoron, then prior art delivering multiple complete media items, i.e. multiple portions in the parlance of the claim, would meet the claim. Okay. I'm sorry if I took a little roundabout in addressing your question, Your Honor. So as I said, the board found that for claim 49, the dependent claim 49 was coextensive with independent claim 34. And we submit that that's erroneous on its face. And that there should be a reversal for that reason alone. Now, Hulu's only argument on appeal is that claim 49 actually provides that there is delivery of at least one portion or at least one other portion. And I refer the court to Hulu's brief at page 45, where it states, Playscript that identifies at least one portion or other portion of the requested media. That's Hulu's position on appeal regarding claim 49. Now, that's plainly incorrect. Claim 49 recites that there is at least one other portion delivered in addition to the at least one portion. Claim 49 does not recite that the at least one other portion is an alternative to the at least one portion provided for in the dependent claim 34. So on de novo review, CEDAW respectfully submits that the court's claim construction, that dependent claim 49 was coextensive with independent claim 34, is erroneous and there should be a reversal on that basis. Thank you. And Your Honors, just turning back to Your Honors' question, Judge Dyke, to your question about complete media items, and Judge Bryson, you also raised the issue. You know, somewhere in the final decision, there's a discussion about, well, what if the prior art has a search for a series of, a search for the genre of jazz? And there's a series of jazz songs that are returned in a playlist. Each of those songs in that playlist is a self-standing media item. It is not a portion as contemplated by the claims. So if you had a playlist that returned a song or a composition from Thelonious Monk, followed by one from Miles Davis, the Thelonious Monk composition is a stand-alone piece of media content. It's not a portion. And obviously the same would be true for the other songs. I'd like to turn now to the issue of instructions as construed by the board in connection with Independent Claims 1 and 34 of the 636 patent. And the board's construction of instructions was erroneous and merits reversal. The board erroneously construed instructions in two regards. First, the board found that the mere listing of URLs is itself an instruction. And secondly, the board found that the claim term instruction in the independent claim and the claimed URLs can be one and the same. In other words, the board interpreted the independent claim as not requiring instructions separate from the recited URLs. And both of those are incorrect. And they really both stem from the board's determination that the instructions are not separate from the claimed URLs. Now, of course, the case law states that when you're looking to see whether elements in a claim are separate and distinct, you look at the claims and you look at the specification. So here we have instructions that are recited in the claim. You've got instructions, plural, recited in the claim. And then you've got at least one URL that is recited in the claim. I'm using Claim 34 of the 646 as exemplary here. And so they're recited separately. And then in addition, the claim provides that the instructions are used together with the URLs to obtain a portion of the media. So there again, the claim is clearly distinguishing between and differentiating between the claimed instructions and the claimed URLs. And so the claim language supports the understanding that these two things are separate and distinct in a claim. Specification supports that understanding. For example, a specification discloses this is in a summary of the invention for the 636 patent, column 8, lines 29 through 32. It describes instructions that are separate and distinct from the URLs that are included in the invention. There's nothing in the passages that suggests that an instruction is the same thing as a URL, or that an instruction can be a URL, or that a list of URLs could constitute the claimed instructions. Now, the board found that CDER's position on instructions... Can I ask if you agree, generically, that the word instructions could include a URL, or that URLs can include instructions? No, our position... Even outside of the specification, outside of the claims? The word instructions is a broad term, right? Outside of the context of the patent and these proceedings? Yeah, I just read a person... Can a URL include instructions? Certainly. No, it can be an instruction. A URL can be an instruction, generally, right? I'm not sure if CDER took a position on that, but I would say that some conceders might understand that a URL could constitute an instruction. As I said, outside of the context of the patent, and specifically these claims, which separately recite the instructions and the URLs. Your main argument is that because the claims recite them as different things, they should be understood to be different things in the context of this invention. That's correct, Your Honor. That's correct. Now, the board frankly didn't do a deep dive... I think we're about out of time, unless my colleagues have questions. We'll give you two minutes for rebuttal. Okay. Two minutes? Yes. Ms. Lane? I'd like to reiterate that... You're done for the day. Oh, I'm done. Okay, all right. Thank you, Your Honor. Your Honor's plural. Good morning, Your Honors, and may it please the Court. Amy Meehan for APALE Hulu LLC. Today, I will focus on four groups of disputed claim elements. One, instructions and information instructing. Two, portions of requested media and plurality of segments. Three, play script. And four, reservation. Could you maybe start and focus on the same arguments the appellant was focusing on? Sure, of course. So starting with instructions, the CTO argues that the terms instructions and information instructing cannot include a media sequence, and it cannot include information that's in the URLs. First, regardless of the claim construction, the Board found substantial evidence of instructions that are not a media sequence and that are not in the URLs. In AYAL, at Appendix 1796, Column 21, Lines 5 through 14, it discloses a playlist embodiment that sends a list of commands that uses the media URLs as arguments to the commands. In the Madison 703 and the Holtz Ground, Holtz, at Appendix 1893, says that ASX files include instructions. And CTO's expert, Mr. Adams, at Appendix 9915, Lines 20 through 22, also testified that ASX files include instructions. Do those alternative references cover all the claims, cover all the grounds necessary to invalidate the claims? Yes, they do. But, in addition, the Court should not adopt CTO's construction because it's not supported by the record. With respect to the media sequence issue, I think... Could you talk about instruction again? Yes. Just that one for a minute, just since we're focusing on that. The instructions, whether it must include a sequence of media or whether... Just whether it can be in a URL or whether the URL is separate from the instruction. Yes, of course. So instructions can be information that's in the URL. We know that based on two, at least... Okay, but their theory is that it can't be here because there's a separate reference to URLs in the claims. Yes. So the Board cited evidence testimony from CTO's expert at Appendix 5094 to 96, where CTO's expert was asked whether an instruction that's embedded in a media URL would meet the instruction limitation of Claim 1 of the 673 patent. And he said that, yes, it would, because the fact that the instruction is in the URL is merely a formatting difference, and it wouldn't matter to a person of skill in the art. A person of skill in the art would still think that that's an instruction. That's CTO's expert, right? That's correct. In addition, there are other separately listed characteristics of the play script in the claims. For instance, the media identifier and the reservation identifier. And the patents in the specification describe that those can also be within the URL. For instance, at Appendix 779, Column 8, Lines 61 through 64, it says that the URL includes the media identifier and the reservation identifier. And, again, those are separately listed elements in the claims, just like the instructions. They're listed as instructions, but you're saying because they're listed as separate elements, it shows that this specification supports something satisfying more than one claim element? The separately listed items of the play script, they don't actually need to be distinct items that they can all be in a URL. They don't need to be physically distinct in different components, physical components? Is that what you're saying? That they can all be embedded in, for instance, a very long URL that has a lot of information. So the media identifier and the reservation identifier are within the URL as described in the specification. Is the idea, then, the claim that has both the URL and the instructions, you could have a long URL which has instructions in it, but you could have a shorter one that didn't? I think that the length of the URL doesn't necessarily matter. It's whether the information in the URL is used by the media player as an instruction or whether it's used as a media identifier or reservation identifier. So there could be URLs that have instructions and an identifier or just an identifier, right? That's correct, yes. If there are no other questions about whether an instruction can be in the URL, I can turn to the issue of whether the instructions can include the sequence of media URLs in the prior art. So both of the experts, both Sito's expert and Hulu's expert, testified that the order of the URLs in the prior art playlist instructs the media player as to what order to go out and obtain the media and to play the media. And so the sequence of the media URLs instructs the media player of the user device how to get the media and how to play it, and in that sense it's an instruction about the sequence of media for playback. Could you talk about the at least one portion argument that your opposing counsel raised this morning? Sure. So opposing counsel first addressed the issue of the or other portion argument that they made in their reply brief regarding Claim 49 of the 636 patent. That was simply an attempt to group the various claim elements that recite portion into one section of our brief. The or wasn't to signify that we think it can be just the portion or the other portion.  We agree that in Claim 49 there must be at least two portions. The first portion in Claim 34 and then the second other portion recited in Claim 49. Do you think the board agreed with that as well? Yes. The board found evidence in et al and in Madison of multiple portions under its construction of the term portion. Opposing counsel identified a particular page where they think that the board said, oh, Claim 49 doesn't add anything at all to Claim 1. Could you identify what you're relying on for suggesting the board found otherwise? Sure. So I will explain the issue as I look for the specific page site. But I think the board's explanation of other portions was that because of its interpretation of the word portions, that the playlist in et al, which lists songs of a playlist, and the ASX files in Madison, in the Madison references, would constitute portions, multiple portions. Those references do list multiple URLs that would each constitute a portion. So the first URL would be a portion and the second URL listed would be a second portion. Okay, I found it. So on appendix 35, the board said that... It seems to be wrong what they said in the first paragraph on 35. Because they're equating the scope of the other portion language as being the same as the portion language. It may be harmless error in the sense that there are prior art references satisfying the other portion limitation on the construction that requires at least two. But there is some problematic language there on 35, right? I read the first paragraph of 35 as saying that et al does... That the board disagreed with the patent owner's argument that et al does not disclose portions, plural, of the requested media. In other words, the board had already found that et al discloses portions, plural, of requested media. And from that, it can find... The board could find that et al disclosed the portion... Where's the other discussion in the board opinion? Where's 3A? You're asking for the discussion of claim 34? In the last reference, they say, for the reasons given in section 3A. And you're saying in 3A, they're discussing portions, plural, right? Yes. So what page do we find that at? Yes. In 3A... At... At appendix... Page 8, maybe? Pages 8 and 9 are 3A. Yes. At pages 8 and 9, the board discusses the construction of the term portion. One portion of requested media. And finds that it can encompass a full media item. But at appendix 22, they go to discuss specifically et al with respect to claim 1. And at appendix 25, they discuss et al for claim 34. And unfortunately, the discussion on those pages for et al is brief. But my understanding is that they applied the construction that they discussed at appendix 8 and 9. So I guess what you're saying is that CBM-202-00028 has multiple portions in it? This is discussion in paragraph 13 at the top of page 9? Yes. The portions issue runs across all of these patents. And CTO made the same argument in the CBM, as well as in... But the point you're... If I understand the points you're making, is that the board's discussion of the term portion makes clear that they're finding that these prior art references include multiple portions, not a portion. That's correct. Because each URL in the y'all playlist and each URL in the ASX files of Madison is a portion. In addition, even if the court were to accept CTO's construction of the term portions, the board found substantial evidence, at least under Madison, that Madison discloses portions where a media item is broken into two and an advertisement is inserted in between two parts of media. That was based on HULU's expert testimony, as well as on CTO's expert testimony at appendix 19,740 through 41. While I didn't address other disputed issues, if the court has questions about any of the other disputed claim elements, I'm happy to answer. Okay. Thank you. All right. Thank you, Your Honors. To conclude, we ask that the court affirm the board's findings and I'll call you back here. I think we understood that. Mr. Schreiner? Yes, Your Honors. Just a couple follow-up items. Counsel stated that CTO's expert admitted that the URL could be... I'm sorry, that an instruction could be in the URL and that that would satisfy the instructions limitation. But I respectfully submit that that's not correct. What the CTO's expert said was that generically agnostic to the claim, that instructions can be included in URLs. He did not testify that an instruction within the URL would meet the instructions as set forth in the claim, where the instructions are identified separately from the URL. Secondly, as far as the specification goes, counsel refers to the specification of what it said about URLs. But let's focus on instructions vis-a-vis URLs. Specification states, for example, specification refers to media sequencing instructions. That's in the 636 patent, column 8, 29-32, appendix 730. The specification also discloses that, quote, the presentation may include special instructions. That's also in appendix 730. So none of these passages suggest that an instruction can be a URL. None of these passages suggest that an instruction and a URL are the same thing. Certainly none of them suggest that an instruction can be the mere sequence of items in a list of URLs. So the specification supports the, frankly, what we believe is the plain language construction of Claim 34 and Claim 1, that the instructions are separate and distinct from the claimed URLs. Third, counsel made reference to, again, this issue of the sequence of URLs. The sequence of URLs is not an instruction. The media player is programmed, and the media player is programmed to play the items in the order of their receipt. And so that's what the media player does. The order of the URLs in the file received by the media player, that's not itself an instruction. Instruction really is something that has to be explicit. Okay, I think we're out of time. Thank you, Mr. Schreiner. Thank you, Your Honors. Thank you, Mr. Schreiner. And, of course, we thank both counsel and peers who submitted.